STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Thomas J. HEFFRAN, Defendant-Appellant.

Supreme Court

*No. 84–1535–CR. Argued March 5, 1986.—Decided April 11, 1986.*

(Also reported in 384 N.W.2d 351.)

For the plaintiff-respondent-petitioner the cause was argued by *William L. Gansner,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the defendant-appellant there was a brief and oral argument by *Charles Bennett Vetzner,* assistant state public defender.

WILLIAM G. CALLOW, J.   The state seeks review of an unpublished decision of the court of appeals reversing an order of the circuit court for Door county, Judge Edwin C. Stephan, in which the circuit court denied postconviction relief to the defendant, Thomas J. Heffran. The court of appeals remanded for resentencing, ruling that the presentence report should not have contained Heffran's admissions of prior criminal conduct in Illinois because the admissions resulted from accusatory questioning which, in the absence of *Miranda* warnings, violated Heffran's privilege against self-incrimination. We must decide whether questioning during a presentence investigation is accusatory when it focuses on previous admissions of prior criminal activities of which the investigating officer is already aware and for which the defendant can no longer be prosecuted. Because we conclude that the question-

157

ing was not accusatory, we find no violation of Heffran's privilege against self-incrimination, and we reverse the decision of the court of appeals.

Pursuant to a plea agreement, Heffran pled guilty to a charge of arson in exchange for the dismissal of a burglary charge. The circuit court ordered a presentence investigation. State Probation and Parole Officer Donald A. Cole conducted the presentence investigation and prepared the presentence report on Heffran.

Probation Officer Cole interviewed Heffran on two or three occasions. Cole did not read Heffran his *Miranda* rights before any of the interviews. During the interviews Cole focused much attention on Heffran's prior criminal record. The charging complaint in this case stated that in 1981 and 1982 Heffran had confessed to setting some fires in Rockford, Illinois. Heffran's files from the Illinois probation authorities and the Rockford Police Department, which Cole had obtained with Heffran's permission, indicated that Heffran had admitted to setting eight fires in Rockford. Ultimately, he was charged with one count of arson and two counts of criminal damage to property. The parties agree that Heffran was acquitted of these charges. Nonetheless, Cole, in conducting the presentence investigation of the Wisconsin arson charge, questioned Heffran about these earlier fires, believing that Heffran's prior criminal behavior in Illinois was pertinent to determining his dangerousness. Heffran acknowledged that he had set fires and that he had admitted as much to the Rockford Police Department.

In the presentence report on Heffran, which had been made available to Heffran prior to sentencing, Probation Officer Cole made several references to Heffran's admissions regarding the fires he had set in Illi-

nois. The report noted that Heffran had been charged with one count of arson in Rockford but had been acquitted. At his sentencing hearing, Heffran did not challenge the propriety of including his admissions in the presentence report. His counsel acknowledged them by emphasizing that Heffran was acquitted of the charge of arson in Illinois.

The circuit court sentenced Heffran to twelve years in the Wisconsin Prison System, substantially less than the twenty-year maximum which sec. 939.50, Stats., authorizes for Class B felonies. In sentencing Heffran the circuit court took into account several relevant factors: (1) Heffran's criminal record which revealed two felony convictions, including one for aggravated battery; (2) Heffran's admissions regarding fires he had set in Illinois; (3) Heffran's juvenile record which included burglaries and thefts; (4) Heffran's repeated violations of probation; and (5) Heffran's abuse of alcohol and use of various drugs. Noting that many of Heffran's offenses included violence to persons, the court considered Heffran to be dangerous. The court further observed that Heffran apparently showed no remorse for his admitted misconduct.

Heffran filed a motion for postconviction relief, requesting suppression of the presentence report and resentencing before a different judge after completion of a new presentence report. Heffran asserted that the inclusion in the presentence report of his admissions regarding previous arsons violated his constitutional privilege against self-incrimination because Probation Officer Cole did not read him his *Miranda* rights before interviewing him. The circuit court denied Heffran's motion, concluding that Cole did not have a duty to

give Heffran notice of his *Miranda* rights because the purpose of the interview was not accusatory.

Heffran appealed to the court of appeals. The court of appeals reversed the circuit court's order denying Heffran's motion for postconviction relief and remanded the case for resentencing. Relying upon *State v. Knapp,* 111 Wis. 2d 380, 387, 330 N.W.2d 242 (Ct. App. 1983), and *Jones v. Cardwell,* 686 F.2d 754, 756 (9th Cir. 1982), a majority of the court of appeals concluded that Heffran's presentence interviews were accusatory because Probation Officer Cole asked Heffran about additional crimes which the circuit court considered in imposing sentence. The court of appeals ruled that Heffran's admissions were obtained in violation of his fifth amendment privilege against self-incrimination because Heffran did not receive *Miranda* warnings.

Judge Cane dissented, believing the interviews were not accusatory but merely were part of a routine presentence investigation. He concluded that *Miranda* warnings were not required because the statements did not relate to any element of a crime upon which the state still had the burden of proof and because Heffran did not suggest that his statements were involuntary.

The state asserts that this case presents a significant constitutional question regarding the extent to which *Miranda v. Arizona,* 384 U.S. 436 (1966), applies to presentence interviews of Wisconsin criminal defendants. While the state acknowledges that the court of appeals addressed this question in *State v. Knapp,* it argues that the court of appeals' decision in this case misapplies the holding in *Knapp.* By contrast, Heffran contends that the *Knapp* court directed its holding specifically toward the type of presentence investigation

which Probation Officer Cole conducted in this case. In essence the two parties disagree about the circumstances in which an investigation is accusatory and triggers the need for *Miranda* warnings.

In *State v. Knapp* the defendant, relying upon the Supreme Court's decision in *Estelle v. Smith,* 451 U.S. 454 (1981), argued "that his fifth amendment rights were violated because the procedural safeguards created in *Miranda* were not observed at the presentence interview." 111 Wis. 2d at 385. The *Estelle* Court required *Miranda* warnings because the information derived from a pretrial psychiatric interview assisted the state in proving dangerousness, an element upon which it had the burden of proof under Texas law. *Id.* at 386. The *Knapp* court interpreted *Estelle* to hold that when an interview gleaned "statements from the defendant on a subject accusatorial in nature—an element upon which the state still had the burden of proof—the warnings were required." *Id.* The *Knapp* court noted, however, that "the Supreme Court expressly declined to decide whether its fifth amendment discussion extended to 'all types of interviews and examinations that might be ordered or relied upon to inform a sentencing determination.'" *Id.* at 385 (quoting *Estelle,* 451 U.S. at 469 n. 13).

The *Knapp* court found several distinctions between the case before it and *Estelle.* The court observed that presentence investigations are not designed to generate evidence the state will use in proving an essential element of its case against the accused. *Id.* at 386. "Rather, presentence reports are designed to gather information concerning a defendant's personality, social circumstances and general pattern of behavior, so that the judge can make an informed sentencing

decision." *Id.* Because the *Knapp* court concluded that the interview in question was not accusatory, it ruled that *Miranda* warnings were not required. The court cautioned, however, that it was not making "a blanket statement that a *Miranda* warning is never required prior to a presentence interview." *Id.* at 388.

While the *Knapp* court's discussion of *Estelle* makes it rather clear that to be accusatory in nature a presentence investigation must focus on an element upon which the state still has the burden of proof, Heffran relies upon two cases cited in *Knapp* to suggest that a broader range of investigatory activities may be accusatory in nature, thus requiring *Miranda* warnings.

First, Heffran relies upon *Jones v. Cardwell,* 686 F.2d 754 (9th Cir. 1982). During his presentence interviews, Jones confessed to the commission of several additional crimes. His statements were included in the presentence report, and the trial judge relied upon these statements in sentencing Jones. *Id.* at 755. The Ninth Circuit Court of Appeals found that Jones had not made the statements voluntarily. *Id.* at 757. Accordingly, the court of appeals ruled that Jones's fifth amendment rights were violated when the sentencing judge considered the statements in imposing sentence. *Id.* The court of appeals, however, specifically refrained from deciding "whether or under what circumstances a defendant in [a presentence investigation] is entitled to a *Miranda* warning." *Id.* at 757 n. 2. The case, therefore, offers little support for expanding the range of presentence investigative activity which requires *Miranda* warnings.

Second, Heffran cites *State v. Cawley,* 648 P.2d 142 (Ariz. App. 1982), to support his assertion that Proba-

tion Officer Cole's questions regarding Heffran's criminal activities in Illinois were accusatory in nature and required *Miranda* warnings. The court in *Cawley* found that the presentence investigation was routine and not accusatory and, accordingly, ruled that *Miranda* warnings were not required. *Id.* at 144. The court noted, however, that a presentence investigation would be accusatory if "the probation officer has as his mission the investigation of specific criminal activity." *Id.* Heffran claims that Cole's questions regarding Heffran's criminal activities in Illinois were accusatory in nature, necessitating *Miranda* warnings, because they were designed to secure a confession to crimes unrelated to the crime for which he was to be sentenced.

■ This court must consider both the purposes of presentence investigations and the purposes of *Miranda* warnings to determine whether *Miranda* warnings should be required in the context of a given presentence investigation. Presentence investigations are "intended to assist the sentencing court in determining the kind and extent of punishment to be imposed in the particular case." *Neely v. State,* 47 Wis. 2d 330, 334, 177 N.W.2d 79 (1970). In passing sentence the "court has a twofold responsibility: To the individual found guilty and to the society which criminal laws are intended to protect." *Id.* To fulfill this responsibility properly, a sentencing court must have considerable latitude in obtaining and considering all information which might aid in forming an intelligent and informed judgment regarding the appropriate penalty under the circumstances. *Id.* at 335; *see Williams v. New York,* 337 U.S. 241, 247 (1949). Because the presentence investigation serves as the means through which the sentencing

court receives information concerning a defendant's personality, social circumstances, and general pattern of behavior, the interaction between the defendant and the probation officer should encourage an accurate appraisal of a defendant's social and criminal history. *Knapp,* 111 Wis. 2d at 386–87.

■

The *Miranda* warnings are designed to protect a defendant from self-incrimination by giving the defendant notice of the fifth amendment privilege against self-incrimination. *Estelle v. Smith,* 451 U.S. at 467. In *In Re Gault,* 387 U.S. 1, 49 (1967), the Supreme Court noted that "the availability of the privilege does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites." The essence of the fifth amendment privilege against self-incrimination is "the requirement that the State which proposes to convict and punish an individual produce the evidence against him by the independent labor of its officers, not by the simple, cruel expedient of forcing it from his own lips." *Culombe v. Connecticut,* 367 U.S. 568, 581–82 (1961).

The court of appeals was persuaded by Heffran's arguments in favor of expanding the range of investigative activity which will be considered accusatory. The court of appeals found that Probation Officer Cole's presentence interviews with Heffran were accusatory because Cole asked Heffran questions about his involvement in Illinois crimes, which the sentencing court might have considered in sentencing Heffran. The Illinois record which Heffran had authorized Cole to receive, however, spoke of admissions and charges in Illinois. Nonetheless, the court deemed the inter-

views accusatory and concluded that *Miranda* warnings were required. Because Heffran did not receive *Miranda* warnings, the court of appeals ruled that the sentencing court's consideration of Heffran's admissions in imposing sentence violated Heffran's privilege against self-incrimination.

We disagree. We are not persuaded by Heffran's arguments in favor of expanding the range of accusatory presentence investigative activity beyond that discussed in *Knapp*. The *Knapp* court stated that a presentence interview is accusatory in nature, thereby necessitating *Miranda* warnings, to the extent that it seeks statements from a defendant on an element upon which the state still has the burden of proof. *Knapp*, 111 Wis. 2d at 386. Heffran's prior criminal activity in Illinois is not an element in the state's case against him here in Wisconsin.

In addition, Probation Officer Cole's questions regarding Heffran's prior criminal activity in Illinois do not fall within the category of inquiries against which *Miranda* is intended to offer protection. Heffran's files from Illinois contained statements by Heffran in which Heffran confessed to the commission of several arsons. Because Cole already had the information in Heffran's files, he was not producing evidence against Heffran "by the simple, cruel expedient of forcing it from [Heffran's] own lips." *Culombe*, 367 U.S. at 582. Further, Heffran does not suggest that his statements were involuntary. Finally, Heffran need not fear further prosecution based on his admissions because double jeopardy prevents further prosecution on charges of which he was acquitted. Even though Heffran was acquitted of the arson charges in Illinois, Cole necessarily in-

quired about Heffran's earlier admissions of criminal activity in an effort to meet his obligation to develop an accurate appraisal of Heffran's veracity and criminal history which would assist the sentencing court in making an informed, thoughtful, and intelligent sentencing decision.

We conclude that Heffran was not entitled to *Miranda* warnings because his presentence interviews were routine and were not accusatory. Accordingly, we reverse.

*By the Court.*—The decision of the court of appeals is reversed.