STATE of Wisconsin, Plaintiff-Respondent,

v.

Ernesto A. PEREZ, Defendant-Appellant.†

Court of Appeals

*No. 91–2558–CR. Submitted on briefs April 21, 1992.—Decided June 3, 1992.*

(Also reported in 487 N.W.2d 630.)

†Petition to review denied.

131

On behalf of the defendant-appellant the cause was submitted on the briefs of *Stephen J. Eisenberg* of *Eisenberg Law Offices, S.C.* of Madison.

On behalf of the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general and *David J. Becker,* assistant attorney general.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

ANDERSON, J.   Ernesto A. Perez appeals from an order denying his postconviction motions to modify his sentence and for a new presentence investigation report (PSI) and resentencing. Perez contends that the trial court abused its discretion by imposing an excessive and disparate sentence; by finding that he had the ability to pay a fine of $6000; and that his due process rights were violated when he was denied the assistance of counsel during an interview with the author of the PSI.

We conclude that the sentencing court did not abuse its discretion in imposing the sentence and denying a postconviction motion to modify the sentence. The sentencing court did not abuse its discretion in refusing to reduce Perez's fine because it deferred a final determination of Perez's ability to pay until he had completed the jail time required by the sentence. Finally, we hold that Perez does not have a due process right to have an attor-

ney present during an interview with the author of the PSI. We affirm.

Perez was a member of a band from Florida known as the "Young Turks" that performed in a bar near Neenah. After a late evening performance, the band members and a number of individuals who had attended the performance went to the motel where the band was staying. Included in this party was Jennifer V., a fifteen-year-old female. At the motel, Jennifer was sexually assaulted by at least three members of the band. During the course of multiple and simultaneous sexual assaults, Perez approached Jennifer, removed his penis from his pants and attempted to have her perform oral intercourse. When she refused, Perez put his penis back into his pants and repeatedly struck her buttocks with a belt.

Initially Perez was charged with battery to a child, sec. 948.03(2)(b), Stats.; sexual contact with a child, sec. 948.02(2), Stats.; and party to a crime of sexual contact with a child, sec. 939.05 and 948.02(2), Stats. As the result of plea negotiations, the state filed an amended criminal complaint charging one count of misdemeanor battery, sec. 940.19(1), Stats., and one count of exposing a sex organ to a child, sec. 948.10, Stats. After Perez entered pleas of no contest to the two misdemeanor charges, the sentencing court ordered a PSI.

At the sentencing hearing, the court denied Perez's motion for a delay of sentencing to permit a new PSI to be prepared. Prior to sentencing, the court had available the PSI, a victim impact statement, an eighty-one page sentencing memorandum prepared by Perez's attorney, a sentencing memorandum from the state, and testimony of various individuals on behalf of Perez. After a statement from Perez and argument by counsel, the court imposed, on each count, ninety days in the Winnebago county jail, a $2500 fine and 125 hours of community

service. The sentencing court ordered that the jail time was to be served consecutively.

At Perez's request, the sentence was stayed pending motions for postconviction relief and appeal. Perez's request for postconviction relief renewed his motion for a new PSI and sentencing hearing. In his motion for a modification of sentence, Perez contended that the sentence imposed was excessive and disparate when compared to the sentences imposed on other band members convicted of multiple counts of sexual assault of Jennifer;[1] and asserted that the sentencing court failed to consider his ability to pay the fines and costs imposed.

The sentencing court denied Perez's motion for postconviction relief and modification of sentence. The court held that the sentence imposed was not unduly harsh and that the court had not abused its discretion in imposing a total of six months county jail time and 250 hours of community service. The court did express uncertainty about the amount of the fine and Perez's ability to pay the fine; the court remarked that the question could be considered again when the case is finally resolved.

---

[1]Co-defendant William McKelvy was originally charged with seven counts of sexual contact and entered a no contest plea to three counts of felony sexual contact, sec. 948.02(2), Stats. The sentencing court, the Hon. Thomas S. Williams presiding, withheld sentence and placed McKelvy on probation, with certain conditions, for ten years. Co-defendant Humberto Eugene Diaz was originally charged with three counts of sexual contact and one count of battery to a child. He entered a plea and was found guilty of one count of felony sexual contact, sec. 948.02(2). The sentencing court, the Hon. Robert A. Hawley presiding, imposed a jail sentence of one year, a fine and community service.

Perez's attorney accompanied him to the probation and parole office for the PSI interview. Both Perez and his attorney requested that counsel be present during the interview. The agent assigned to prepare the PSI and her supervisor denied the requests. They informed Perez that if he insisted on his attorney's presence, the interview would not take place and the sentencing court would be told that Perez was uncooperative. Perez insists that his due process rights were violated when he was denied the presence and assistance of his attorney during the PSI interview. He also argues that the PSI was flawed because the author failed to corroborate material information in the report and overlooked exculpatory information.

Perez concedes that *State v. Knapp,* 111 Wis. 2d 380, 330 N.W.2d 242 (Ct. App.), *cert. denied,* 464 U.S. 834 (1983), clearly confirms that there is no fifth or sixth amendment right to have counsel present at the PSI interview; however, he claims that there is a due process right to have counsel present. He insists that due process requires that all defendants have a fair sentencing hearing and this can be insured only by the presence of counsel at the interview. Perez does not cite to any precedent that directly supports his argument; rather, he relies upon two cases in which two federal circuit courts of appeal, in the exercise of their supervisory authority, imposed a rule requiring that attorneys be permitted to attend PSI interviews.[2] *United States v. Tisdale,* 952

---

[2]Neither the sixth circuit nor the ninth circuit justified this rule on the basis of a defendant's fifth or sixth amendment right to counsel or on the basis of any due process right. *See United States v. Tisdale,* 952 F.2d 934, 939–40 (6th Cir. 1992); *United*

F.2d 934, 940 (6th Cir. 1992); *United States v. Herrera-Figueroa,* 918 F.2d 1430, 1433 (9th Cir. 1991).

We decline to adopt these cases for two reasons. First, only two federal appellate courts have adopted the rule to facilitate the implementation of federal sentencing guidelines within their respective circuits.[3] Since Wisconsin does not have a similar sentencing scheme, both decisions are of little or no persuasive authority. *See Carlson Heating, Inc. v. Onchuck,* 104 Wis. 2d 175, 179 n.2, 311 N.W.2d 673, 675-76 (Ct. App. 1981).

Second, unlike the federal intermediate appellate courts, the Wisconsin Court of Appeals does not possess any supervisory authority which would permit it to promulgate rules of criminal practice and procedure. Wisconsin's constitution and statutes limit such a law-developing or law-declaring function exclusively to the Wisconsin Supreme Court. *See State v. Schumacher,* 144 Wis. 2d 388, 405-07, 424 N.W.2d 672, 678-79 (1988).

Of course, the state agrees that *Knapp* holds that there is neither a fifth nor a sixth amendment right to counsel at the presentence interview. But the state goes further to suggest that the analysis we employed in *Knapp* is broad enough to support a holding that there also is no due process right. We resist the state's suggestion. The only issue before us in *Knapp* was whether

---

*States v. Herrera-Figueroa,* 918 F.2d 1430, 1432-33 (9th Cir. 1991).

[3]This rule has not been uniformly adopted in the other appellate circuits. For example, the seventh circuit has refused to find a right to counsel during PSI interviews under the federal sentencing guidelines. *United States v. Jackson,* 886 F.2d 838, 841-45 (7th Cir. 1989).

there existed a fifth or sixth amendment right. In answering that question it was not necessary for use to employ a due process analysis.

Due process is a flexible concept. *State v. Hardwick,* 144 Wis. 2d 54, 58, 422 N.W.2d 922, 924 (Ct. App. 1988). Different stages in a criminal proceeding require distinct procedural safeguards. *See id.* The determination of what procedural safeguards should be afforded a defendant at sentencing begins with an examination of the private interests affected by governmental action and the precise nature of the governmental function involved. *See id.*

This analysis has been partially completed. Wisconsin recognizes and protects three due process rights of a defendant at sentencing. First, the defendant has a right to be present at the sentencing and to be afforded the right of allocution. Second, the defendant has the right to be represented by counsel. Finally, the defendant has the right to be sentenced on the basis of true and correct information. *Bruneau v. State,* 77 Wis. 2d 166, 174–75, 252 N.W.2d 347, 351 (1977).

Perez's argument focuses on the third due process right: the right to be sentenced on the basis of true and correct information. He maintains that the author of the PSI adopted the state's account of the events in the motel room pertaining to the multiple sexual assaults of Jennifer; failed to consider exculpatory information relating to the "consensual nature"[4] of the sexual activi-

---

[4]Perez relies a great deal upon what he says was Jennifer's willingness to participate in sexual activities with certain members of the band. He argues that her willing participation in the varied sexual activities with the other co-defendants mitigates his offenses. Perez ignores a keystone of all the sexual crimes against

ties; and failed to resolve conflicts between the numerous accounts of what happened. Perez builds on these perceived lapses in the PSI to argue that the presence of his attorney during the interview would have safeguarded his due process right to be sentenced on the basis of true and correct information relating to the multiple sexual assaults episode.[5]

We begin our analysis by considering the private interests of the defendant that will be affected by governmental action. There is no doubt that an individual convicted of a crime has a substantial stake in the gov-

children defined in ch. 948, Stats.: consent of the child victim is not an element and it is not an issue. In Wisconsin, sexual assault is not a crime of physical aggression only against an unwilling victim; it also is a crime when the victim is incapable of giving meaningful consent because of immaturity. *See State v. Kummer,* 100 Wis. 2d 220, 230–32, 301 N.W.2d 240, 246, *cert. denied,* 451 U.S. 1020 (1981). Whether or not Jennifer may have consented to sexual activity while in the motel room is irrelevant. Because she was a child she could not give meaningful consent. The sentencing court did not abuse its discretion by refusing to mitigate Perez's offenses because of some misguided belief on the part of Perez and his attorney that a child could agree to any form of sexual contact or sexual intercourse.

[5]In making this argument Perez disregards an elementary axiom: His no contest plea admitted all of the material facts alleged in the criminal complaint, thus permitting the court to find him guilty of the offenses charged. *See State v. Rachwal,* 159 Wis. 2d 494, 509, 465 N.W.2d 490, 496 (1991). By pleading no contest he admitted, as alleged in the amended complaint, that Jennifer did not consent to his exposing of his sex organ and she did not consent to being struck on the buttocks with a belt. Combined with the premise in Wisconsin's criminal code that a person under the age of eighteen years cannot consent to any form of sexual activity, *supra* n.4, Perez's no contest plea erased the nature of Jennifer's "consent" from this case.

ernmental action that follows on the heels of the conviction. The defendant is· facing the· loss of liberty in the form of the restrictions of probation or the restraints of incarceration. It is because of this private interest that sentencing is regarded as a critical stage of a criminal prosecution. *Cf. Knapp,* 111 Wis. 2d at 382, 330 N.W.2d at 243.

The due process analysis now turns to a consideration of the governmental function involved; in this case it is the sentencing process and the role of the PSI. At sentencing, the court has two equal responsibilities: to the defendant and to society. *State v. Heffran,* 129 Wis. 2d 156, 163, 384 N.W.2d 351, 354 (1986). To fulfill these responsibilities, the court must have all relevant information which will assist it in the formation of an intelligent and informed decision about the appropriate sentence under the facts and circumstances. *Id.*

To protect the integrity of the sentencing, the court must have a reliable information base. This information base should include relevant information about the offense and the circumstances of its commission, *State v. Crowell,* 149 Wis. 2d 859, 868, 440 N.W.2d 352, 356 (1989), and the defendant's personality, social circumstances and general pattern of behavior, *see Heffran,* 129 Wis. 2d at 163-64, 384 N.W.2d at 354. It is the PSI that principally serves as the court's information base.[6]

To be reliable, the PSI must be accurate. To safeguard the accuracy of the PSI, the probation and parole agent preparing the report must be neutral and independent of either the prosecution or the defense. *See State*

---

[6]The administrative rules dictating the preparation of the PSI stress the need to present the sentencing court with accurate and relevant information upon which the court can base its sentencing decision. Wis. Adm. Code sec. DOC 328.27–328.29 and accompanying Appendix.

140

*v. McQuay,* 154 Wis. 2d 116, 131, 452 N.W.2d 377, 383 (1990). The PSI's author is acting exclusively on behalf of an independent judiciary. *See id.* In this independent capacity, the PSI author attempts to establish a cooperative relationship with the defendant. *See Crowell,* 149 Wis. 2d at 869, 440 N.W.2d at 356. To encourage the defendant to cooperate with the author and to provide all relevant information, the preparation of the PSI is not done in accusatorial surroundings. *Cf. Knapp,* 111 Wis. 2d at 386, 330 N.W.2d at 245.

We are convinced that Perez's proposition that due process requires the presence of counsel during a defendant's presentence interview would only tend to transform what now is an unbiased information-gathering proceeding into an adversarial proceeding. The presence of counsel could jeopardize the neutral objectivity of the PSI author and the cooperative surroundings of an independent investigation. The active involvement of an advocate—defense counsel or, for that matter, the prosecution—in the information-gathering process could cause a serious degradation in the reliability and impartiality of the sentencing court's information base.

A defendant is not left without adequate remedies to challenge the accuracy of information in the PSI. There are several safeguards in the sentencing process that effectively protect the due process right of a defendant to be sentenced on the basis of true and correct information. The defendant and defense counsel are present at the sentencing hearing and have the chance to make a statement relevant to the sentencing. Section 972.14(2), Stats. The defendant and defense counsel are given access to the PSI and have the opportunity to refute what they allege to be inaccurate information. *See State v. Skaff,* 152 Wis. 2d 48, 56-58, 447 N.W.2d 84, 87-88 (Ct. App. 1989). Finally, the defendant has the opportu-

nity to file his own presentence memorandum with the court which can present what the defendant believes to be true and correct information the court should rely upon in sentencing.

Ultimately, the due process right of the defendant to be sentenced on the basis of true and correct information is protected when the sentencing court appropriately exercises its discretion. *See Bruneau,* 77 Wis. 2d at 175–76, 252 N.W.2d at 352. Therefore, we hold that the need to protect the integrity of the sentencing process by guaranteeing that an accurate and unbiased information base is available to the sentencing court outweighs the defendant's interest in having counsel present during the presentence interview.

MODIFICATION OF SENTENCE AND FINE

We now consider Perez's claims that the sentencing court abused its discretion in refusing to modify his sentence and in finding that he had the ability to pay the fine imposed.

Our review on these issues is confined to a determination of whether the sentencing court abused its discretion. In conducting this review we acknowledge that there is a strong public policy against any interference with the sentencing discretion of the court and there is an equally strong presumption that the sentencing court acted reasonably. The burden is on the defendant to show some unreasonable or unjustified basis for the sentence imposed. *State v. Johnson,* 158 Wis. 2d 458, 463, 463 N.W.2d 352, 355 (Ct. App. 1990).

Perez complains that the sentencing court gave too much weight to its concern for the victim. His argument

lacks merit for two reasons. First, the weight that is attached to any particular factor in sentencing is within the wide discretion of the sentencing court. *State v. Evers,* 139 Wis. 2d 424, 452, 407 N.W.2d 256, 268 (1987). Perez has not shown that the sentencing court either abused its discretion as to its concern for the victim or that there were contravening factors that should have outweighed the court's concern. *See State v. Jones,* 151 Wis. 2d 488, 495, 444 N.W.2d 760, 763-64 (Ct. App. 1989).

Second, in the course of its remarks at sentencing the court considered many factors that it found to be relevant. These factors included Perez's age, maturity, background, lack of a juvenile record, nature of the crimes, lack of severe physical injuries to Jennifer, Perez's remorse, his acceptance of responsibility, and lack of rehabilitative needs that would require probation. The sentencing court also considered that it was necessary to send a message to the community that Perez's behavior was not going to be treated lightly. Thus, the sentencing court properly exercised its discretion and did not give undue weight to the needs of the victim.

Perez's principal complaint is that his sentence was excessive and, when compared to the sentences imposed on his co-defendants, unduly disparate so as to deny him equal protection of the law. We disagree. Jennifer was subjected to multiple and simultaneous sexual assaults in a motel room in the plain view of eight to ten individuals. During the course of the sexual assaults, Perez exposed his genitals to her in an attempt to have her perform oral sex and, when she refused, he repeatedly struck her on the buttocks with a belt. This was a debasing and degrading invasion of Jennifer's person and we

do not find a six-month county jail sentence, out of a possible eighteen months, to be excessive.

Perez points out that both McKelvy and Diaz received lesser sentences for what he characterizes as more culpable conduct. The mere fact that the three sentences are different is not enough to support a conclusion that Perez's sentence is unduly disparate. Even leniency in one case does not transform a reasonable punishment in another case into a cruel one. *Ocanas v. State,* 70 Wis. 2d 179, 189, 233 N.W.2d 457, 463 (1975).

Perez bears the burden of establishing that the disparity in sentences was arbitrary or based upon considerations not pertinent to proper sentencing. *See id.* at 187, 233 N.W.2d at 462. We already have concluded that the sentencing court properly considered all of the factors relevant to the sentencing and correctly exercised its discretion.

■

We conclude there is no evidence the sentencing court was motivated by external pressures. Perez argues that the storm of adverse publicity after McKelvy's sentencing improperly influenced the sentencing court. At the time of the sentencing, the court candidly acknowledged that it was aware of McKelvy's sentence but that it would determine Perez's sentence on the facts of the case without being swayed by the sentences imposed by other courts. At the hearing to modify the sentence, the court held that it had acted within its discretion and that Perez's sentence was not so disparate as to justify a modification. We agree and hold that the sentencing court did not err when it did not modify the sentence based upon the sentences imposed on the co-defendants.

■

Perez's argument that the sentencing court erred when it failed to find that he did not have the ability to

pay the fine need not detain us for any length of time. Although the court tentatively found that Perez did have the ability to pay a $6000 fine, it also remarked that Perez could seek review of the fine after this case was resolved. In *State v. Milashoski,* 159 Wis. 2d 99, 118–19, 464 N.W.2d 21, 29 (Ct. App. 1990), we endorsed such an approach that does not prematurely relieve a defendant of a portion of a sentence. We see no reason to depart from a sound procedure that balances a defendant's financial circumstances with the purposes of a sentence.

*By the Court.*—Judgment and order affirmed.