STATE of Wisconsin, Plaintiff-Respondent,

v.

David W. SUCHOCKI, Defendant-Appellant.

Court of Appeals

*No. 96–1712–CR. Submitted on briefs December 23, 1996.—Decided February 4, 1997.*

(Also reported in 561 N.W.2d 332.)

For the defendant-appellant the cause was submitted on the briefs of *Martha A. Askins*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *James M. Freimuth*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. David W. Suchocki appeals his sentence for one count of possession with intent to deliver marijuana and two counts of simple possession of mari-

juana and an order denying his motion to strike a presentence report prepared by an agent of the Division of Corrections who was married to the prosecuting attorney. Suchocki contends that the marital relationship between the agent who prepared the presentence investigation report (PSI) and the prosecuting attorney renders the report invalid and requires a resentencing with a presentence report prepared by an independent and neutral agent. Suchocki also contends that the presentence report writer was actually prejudiced against him because of Suchocki's sexual preference and a new presentence report and resentencing are required on that ground as well.

Although the marital relationship is sufficient to demonstrate bias and it is improper for a biased writer to prepare a PSI, we conclude Suchocki was not prejudiced because the sentencing process was not improperly influenced by the presentence investigation report. In addition, the evidence was insufficient to conclude that the PSI writer was biased against Suchocki because of Suchocki's sexual preference. Accordingly, we affirm the sentence and the order denying the motion for a new presentence investigation.

This case arises from a series of drug-related charges filed against Suchocki in Kewaunee and Oconto Counties. The charges were consolidated into one count of possession with intent to deliver and two counts of simple possession of marijuana to which Suchocki pled no contest.

A presentence investigation report was prepared by Rebecca Neveau, an agent of the Division of Corrections. Neveau is married to the Kewaunee County District Attorney, Jackson Main, who was the prosecutor in this case. Upon learning of the relationship

between the presentence writer and the prosecutor, Suchocki filed a motion to strike the presentence investigation report and to order a new PSI prepared by a different agent. Suchocki claimed that the marital relationship between Neveau and Main created a conflict of interest that compromised the PSI because of the lack of objectivity in the author. In addition, the motion alleged that Neveau was biased against him because he is homosexual and that her bias influenced the PSI and, as a result, the sentencing process.

The trial court heard and denied the motion, but allowed the defense to file its own sentencing recommendations. The defense retained Clark Clermont, a social worker, to prepare an alternative PSI. The trial court considered both the Neveau PSI and the Clermont PSI at sentencing.

Neveau's PSI recommended three years' probation with six months' confinement in jail as a condition of probation and an additional two months consecutive in jail for the simple possession convictions. The alternative PSI prepared by Clermont recommended probation for three years with thirty days' confinement as a condition of probation and a recommendation for further occupational training.

The court ordered three years of probation with six months in jail as a condition of probation, but stayed ninety days of jail time and allowed community service in lieu of an additional sixty days of jail time. The result was a probationary sentence with thirty days to be served in jail with Huber law privileges.

Suchocki claims that the relationship between the PSI writer and the prosecutor compromised the objectivity of the PSI and tainted the sentencing process. This issue raises a question of law, which we determine

without deference to the trial court. *See Bantz v. Montgomery Estates, Inc.*, 163 Wis. 2d 973, 978, 473 N.W.2d 506, 508 (Ct. App. 1991). Whether Neveau was actually prejudiced against Suchocki because of his sexual preference raises a mixed question of fact and law. In reviewing mixed questions, the trial court's factual determinations relevant to the issue are reviewed under a clearly erroneous standard. We accept all factual determinations made unless no reasonable finder of fact could have reached the conclusions reached by the trial court. *State v. Smith*, 170 Wis. 2d 701, 714, 490 N.W.2d 40, 46 (Ct. App. 1992). Propositions of law applied to the factual determinations made by the court, however, are applied without deference to the trial court's determination. *Id.*

■■■■

The use of a PSI is a matter within the court's discretion. The court has discretion to order a PSI and to determine the extent to which it will rely upon the information in the PSI. *State v. Skaff*, 152 Wis. 2d 48, 52 n.3, 447 N.W.2d 84, 86 n.3 (Ct. App. 1989). The determination of relevant facts and the weight given to those facts in the sentencing process are matters uniquely within the discretion of the trial court. *State v. Evers*, 139 Wis. 2d 424, 452, 407 N.W.2d 256, 268 (1987). In the event the defendant wishes to contest any of the factual matters set forth in a PSI, the defendant is entitled to an evidentiary hearing where evidence regarding the issue in controversy may be presented by the State or the defendant. *State v. Perez*, 170 Wis. 2d 130, 140-41, 487 N.W.2d 630, 634 (Ct. App. 1992). In the absence of any claimed factual error, the information presented by a PSI may be considered by the court in its sentencing determination. *State v.*

*Peters*, 192 Wis. 2d 674, 696, 534 N.W.2d 867, 876 (Ct. App. 1995).

We first address Suchocki's assertion that Neveau was actually biased against him as a result of his confessed homosexuality. In support of his claim, Suchocki cites a decision and order in Neveau's divorce proceeding where she asked for a change in her child's placement because of her concern over the child's safety based on her former husband's homosexuality. The decision refers to Neveau's anxiety for her child due to her former husband's sexuality and her concern that he would influence their son into a homosexual lifestyle. Relying on these expressed concerns, Suchocki contends that Neveau was biased against homosexuals and that his avowed homosexuality created actual prejudice in Neveau's mind which was reflected in the PSI.

■

Suchocki claims that his due process right to a fair sentencing hearing was violated. Accordingly, he must demonstrate both bias in the PSI writer and that the sentencing process was prejudiced by such bias. *See State v. Coulthard*, 171 Wis. 2d 573, 591, 492 N.W.2d 329, 337 (Ct. App. 1992); *see also State v. Littrup*, 164 Wis. 2d 120, 127, 473 N.W.2d 164, 168 (Ct. App. 1991). Suchocki has failed to show bias in the PSI writer or that the alleged bias influenced the sentencing process.

■

The trial court concluded that there was no evidence of any actual bias by Neveau toward Suchocki because of his sexual preference. Neveau expressly denied any bias towards homosexuals. The court noted that Suchocki did not contest the accuracy of the objective information contained in the report. Also, the court found the subjective portions of the report reasonable,

consistent with Suchocki's background and the nature of the offenses for which he was convicted, and uninfluenced by his sexual preference. The evidence of record is sufficient to support the trial court's findings. The court may consider the reasonableness and accuracy of the PSI in question in determining whether the writer was biased. *See Littrup*, 164 Wis. 2d at 132-34, 473 N.W.2d at 168-69; *see also Coulthard*, 171 Wis. 2d at 591, 492 N.W.2d 329 at 337.

Even if we were to conclude the PSI writer was biased against Suchocki based upon his homosexuality, the sentencing process was not influenced by that bias. The trial court found Suchocki's sexual preference to be irrelevant to the sentencing process and specifically declared:

> I certainly find that any reference to Mr. Suchocki's sexual orientation has nothing to do with these proceedings. That is not part of this and need not be considered, and I am not considering that.

Further, the court's sentence was much closer to the thirty days of confinement recommended in the PSI submitted by the defense than to the eight-month recommendation of Neveau. This fact belies any argument that the PSI writer's bias toward Suchocki's sexual orientation influenced the sentencing process.

Suchocki failed to demonstrate bias in the PSI writer and that the sentencing process was inappropriately influenced by Neveau's PSI. Further, the court specifically rejected any consideration of Suchocki's sexual preference in sentencing. Accordingly, we conclude that Suchocki has failed to demonstrate a violation of his due process right to a fair sentencing

process because of his homosexuality. This assertion of error is therefore without merit.

We next address Suchocki's contention that the marital relationship between the PSI writer and the prosecuting attorney alone is sufficient to strike the PSI. Once again, Suchocki must show actual bias in the PSI writer and that the sentencing process was influenced by that bias. *See Littrup*, 164 Wis. 2d at 132, 473 N.W.2d at 168. The State argues that Suchocki has failed to demonstrate actual bias from this relationship.

Our supreme court has acknowledged the importance of the PSI to the sentencing process. *See State v. McQuay*, 154 Wis. 2d 116, 130-31, 452 N.W.2d 377, 383 (1990). The integrity of the sentencing process demands that the report be accurate, reliable and above all, objective. *See Perez*, 170 Wis. 2d at 140-41, 487 N.W.2d at 633-34. The Division of Corrections does not function as an agent of either the State or the defense in fulfilling its role as an agent of the trial court in gathering information relating to a specific defendant. *Id.* at 140-41, 487 N.W.2d at 634. Because of the requirement that the report be objective, it is of vital importance that the author of the report be neutral and independent from either the prosecution or the defense. *McQuay*, 154 Wis. 2d at 130-31, 452 N.W.2d at 383; *Perez*, 170 Wis. 2d at 140, 487 N.W.2d at 634.

The purpose of a PSI is to do more than simply compile the factual background regarding a specific defendant. The report contains a variety of areas where the PSI writer is able to make discretionary determinations. For example, the report has a section involving the "agent's impressions." This portion of the PSI involves the writer's subjective feelings regarding the

defendant to be sentenced. Many PSIs contain a writer's specific sentencing recommendations to the court as well.

The State argues that the relationship between the PSI writer and the prosecuting attorney is irrelevant and provides no basis upon which the PSI should be struck. In support of its position, the State notes that the author is entitled to consult with both the prosecution and the defense in the preparation of the report and that such consultation necessarily involves contact with counsel from both sides. The State therefore concludes that because the PSI author could consult with the prosecuting attorney, the marital relationship is irrelevant. We are not persuaded.

It is not the mere existence of contact between the prosecuting attorney and the PSI writer that is at issue. It is whether the PSI writer may be subconsciously influenced by this relationship in forming impressions regarding the defendant and in making recommendations to the court. The defense does not suggest, nor does the evidence demonstrate, that Neveau was in fact influenced by the marital relationship in her impressions and recommendations portion of the report submitted to the court. Nonetheless, the attitudes of a prosecutor are likely to operate differently upon a PSI writer who has a marital relationship with the prosecutor than upon a PSI writer having no significant relationship with the prosecutor.

The State also suggests that Suchocki must prove that the bias of the PSI author actually influenced the PSI before the trial court can strike the PSI. The State relies on *Littrup* and *Coulthard* as authority requiring Suchocki to show actual prejudice in the PSI. We do not agree.

Requiring any defendant to demonstrate that the marital relationship actually influenced the writer's impressions and recommendations would present an insurmountable hurdle to any defendant attempting to challenge a PSI. The reasons for an agent's impression may operate at a subjective level of which the report's author is unaware. The information, attitude and impressions received from an author's spouse may influence the author's impressions at either a conscious or subconscious level. Because the author's impressions could be subconsciously influenced, the writer may not even be aware of the relationship's influence. It would be difficult, if not impossible, for a defendant to challenge a PSI when the writer is not even conscious of the influence the marital relationship had on the preparation of the PSI. Further, the marital relationship draws the PSI's objectivity into question and, at the least, raises serious questions as to the fairness of the sentencing process to the defendant.

Because forcing a defendant to demonstrate actual bias in the writer from a relationship between the prosecutor and the presentence writer would be imposing an impossible burden on the defendant, we conclude that bias in the writer will be implied as a matter of law by the existence of the marital relationship. We, therefore, conclude that the marital relationship is sufficient in itself to draw into question the objectivity of the PSI without a demonstration of actual bias by the report's author. As a result the trial court erred in not striking the PSI.

Once a defendant has established bias in the writer, the defendant need not show that the PSI was influenced by that bias. As stated above, the writer's

impressions may be formulated at both a conscious and subconscious level. A biased writer could unknowingly shape a PSI in even subtle ways that affect the defendant's right to a fair sentencing process. Therefore, establishing bias in the writer also establishes bias in the PSI as a matter of law.

██

Suchocki, however, still must show that this report prejudiced the sentencing process. Due process entitles the defendant to a fair sentencing process. *Skaff*, 152 Wis. 2d at 55, 447 N.W.2d at 87. The process is not fair if the sentencing court relied upon a PSI from a biased writer. We conclude, however, that Suchocki's sentencing process was not unfairly influenced by the presentence report. Suchocki, therefore, was not prejudiced by the trial court's refusal to strike the presentence report. We reach this conclusion for several reasons.

First, the ultimate sentence imposed by the court closely paralleled the recommendations of the alternate PSI submitted by the defense. While this recommendation consisted of probation with thirty days' confinement as a condition of probation and the trial court imposed six months' confinement in the county jail as a condition of probation, we note that all but one month of that condition was either stayed by the trial court or allowed to be substituted with community service. The court even acknowledged that it had "given equal or greater weight" to the defense prepared PSI. Consequently, the net effect of the sentence imposed closely tracked the recommendation made in the defense offered PSI.

In addition, the court expressly relied on Suchocki's uncontroverted conduct rather than on recommendations contained in the PSI reports in

imposing sentence. Therefore, the court's reasons for imposing the sentence suggest that Neveau's recommendation and impressions did not affect the sentence.

■■

An even more compelling reason for concluding that the sentencing process was not prejudiced by virtue of the court's refusal to strike this PSI was the court's clear commitment to a sentencing process sufficiently removed from any influence by the tainted PSI. We note that the trial court delayed the sentencing hearings for a sufficient period of time to permit the defense to prepare its own PSI. The court was fully aware of the relationship that might have influenced the preparation of the PSI submitted by the Division of Corrections and proceeded to treat the two PSIs received as submissions from each of the parties. Because the court was aware of the potential lack of objectivity in the PSI, Suchocki was allowed to submit his own PSI, and the court focused on Suchocki's conduct in sentencing, we conclude the sentencing process was not prejudiced by the court's failure to strike the tainted PSI.

*By the Court.*—Judgment and order affirmed.