State of Wisconsin, Plaintiff-Respondent,
v.
Brandy Albert Essex, Defendant-Appellant.
No. 04-0768-CR.
Court of Appeals of Wisconsin.
Opinion Filed: January 11, 2005.
Before Wedemeyer, P.J., Fine and Kessler, JJ.
¶1 FINE, J.
Brandy Albert Essex appeals from a judgment entered on his guilty plea to delivery of one gram or less of cocaine, see WIS. STAT. § 961.41(1)(cm)1g., and from an order denying his postconviction motion for sentence modification. Essex alleges that the trial court erroneously exercised its sentencing discretion. We affirm.

I.
¶2 Brandy Albert Essex and two codefendants, Harry Hymes and Thaddeus White, were arrested after they sold four "corner-cut" bags of cocaine to an undercover police officer. At the time of his arrest, Essex was on extended supervision for an attempted-robbery conviction. As we have seen, Essex pled guilty to delivery of cocaine. The trial court sentenced him to fifty-four months of imprisonment, with an initial confinement of sixteen months, and thirty-eight months of extended supervision, and made the sentence "consecutive to any other sentence."
¶3 Approximately one month later, Hymes also pled guilty to delivery of one gram or less of cocaine, and White pled guilty to possession of one gram or less of cocaine with intent to deliver. The same trial court that sentenced Essex sentenced Hymes to an imposed and stayed sentence of forty-eight months of imprisonment, and ordered that he serve thirty-six months of probation, and sentenced White to an imposed and stayed sentence of forty-four months of imprisonment, and ordered that he serve thirty-six months of probation.

II.
¶4 Essex challenges his sentence on several grounds. First, he contends that the trial court erred when it imposed his sentence "consecutive to any other sentence." He points to WIS. STAT. § 973.15(2)(a), which provides that "the court... may provide that any ... sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously," and claims that the sentence in this case violates § 973.15(2)(a) because it could run consecutive to future sentences. We disagree. While Essex is correct in his assertion that a trial court may not impose a sentence to run consecutive to a future sentence, the trial court did not do that. Indeed, in its written decision denying Essex's postconviction motion, the trial court specifically indicated that it "intended the sentence in this case to run consecutive to any other sentence previously imposed." (Emphasis added.) Should anyone in the future read the trial court's sentencing order in the tortured way Essex posits, Essex will have a full panoply of remediesall focusing on the statute's clear language. This does not mean, however, that if Essex commits a crime in the future, a judge sentencing Essex for that crime could not, in the reasonable exercise of his or her discretion, make the sentence for that later crime consecutive to Essex's sentence in this case. We hope, however, that this potential issue will be moot because Essex will become a law-abiding member of society.
¶5 Second, Essex alleges that the trial court erroneously exercised its sentencing discretion and points to State v. Gallion, 2004 WI 42, 270 Wis. 2d 535, 678 N.W.2d 197, which requires that trial courts "by reference to the relevant facts and factors, explain how the sentence's component parts promote the sentencing objectives." Id., 2004 WI 42, ¶46, 270 Wis. 2d at 560, 678 N.W.2d at 208.[1] Essex argues that the trial court placed too much weight on his prior conviction, and did not adequately consider what he alleges are positive sentencing factors, including his: (1) remorse and acceptance of responsibility; (2) cooperation with the police; and (3) nearly complete GED. We disagree.
¶6 Sentencing is committed to the discretion of the trial court and our review is limited to determining whether the trial court erroneously exercised its discretion. McCleary v. State, 49 Wis. 2d 263, 278, 182 N.W.2d 512, 520 (1971). There is a strong public policy against interfering with the trial court's discretion in determining sentences, and the trial court is presumed to have acted reasonably. State v. Wickstrom, 118 Wis. 2d 339, 354, 348 N.W.2d 183, 191 (Ct. App. 1984). To get relief on appeal, the defendant "must show some unreasonable or unjustified basis in the record for the sentence imposed." State v. Borrell, 167 Wis. 2d 749, 782, 482 N.W.2d 883, 895 (1992).
¶7 The three primary factors a sentencing court must consider are the gravity of the offense, the character of the defendant, and the need to protect the public. State v. Harris, 119 Wis. 2d 612, 623, 350 N.W.2d 633, 639 (1984). The court may also consider the following factors:
"(1) Past record of criminal offenses; (2) history of undesirable behavior pattern; (3) the defendant's personality, character and social traits; (4) result of presentence investigation; (5) vicious or aggravated nature of the crime; (6) degree of the defendant's culpability; (7) defendant's demeanor at trial; (8) defendant's age, educational background and employment record; (9) defendant's remorse, repentance and cooperativeness; (10) defendant's need for close rehabilitative control; (11) the rights of the public; and (12) the length of pretrial detention."
Id., 119 Wis. 2d at 623624, 350 N.W.2d at 639 (quoted source omitted); see also Gallion, 2004 WI 42, ¶¶5962, 270 Wis. 2d at 565566, 678 N.W.2d at 211 (applying the main McCleary factorsthe seriousness of the crime, the defendant's character, and the need to protect the publicto Gallion's sentencing). The weight given to each of these factors is within the trial court's discretion. Ocanas v. State, 70 Wis. 2d 179, 185, 233 N.W.2d 457, 461 (1975); see also Gallion, 2004 WI 42, ¶62, 270 Wis. 2d at 566, 678 N.W.2d at 211.
¶8 The trial court considered the appropriate factors when it sentenced Essex. It noted that his crime was serious "because of what drugs are doing throughout our community. They're destroying the lives of individuals, of families, of children, and so many of the other crimes that we see every day in court are drug-related crimes." The trial court also considered Essex's character, noting that his prior conviction for attempted robbery was a "red flag" because it involved a gun, and "guns and drugs go hand-in-hand." It further considered that Essex was a "young man" with a future in front of him, but opined that because Essex sold the drugs while he was on extended supervision, Essex "can't be supervised in the community at this time." It thus concluded that the best way to protect the community was to send Essex to prison. The trial court properly exercised its sentencing discretion.[2]
¶9 Third, Essex alleges that the trial court erroneously exercised its discretion because it did not order community-based drug treatment. He claims that,
[b]ecause this was a drug offense, it stood to reason that [he] should be counseled and treated for drug addiction as a direct means to confront his use and trade. While the court imposed [alcohol and other drug abuse] assessment and follow through ..., it did so as part of his confinement. It did not consider any sentence where [alcohol and other drug abuse] treatment was offered through a community program as part of supervision.
The trial court, however, specifically imposed alcohol and drug treatment as part of Essex's extended supervision: "[t]he conditions of extended supervision, you're to undergo an alcohol and drug assessment and fully comply with any recommended program." Of course, Essex's real contention is that he did not get straight probation; as we have already explained, and as we further explain below, however, his sentence was well within the trial court's reasonable exercise of its discretion.
¶10 Finally, Essex contends that his sentence is unduly harsh and excessive when compared to his codefendants' sentences. That Essex's codefendants received different sentences, however, is not sufficient to show that his sentence was unduly harsh. See State v. Perez, 170 Wis. 2d 130, 144, 487 N.W.2d 630, 635 (Ct. App. 1992). Essex must show that the sentencing disparity was arbitrary or based on improper considerations. See ibid. He has not done this.
¶11 The trial court noted in its decision denying Essex's postconviction motion that Essex did not provide the transcripts from his codefendants' sentencing hearings. It determined that, "[w]ithout the ability to review the backgrounds of the other defendants to determine if they were similarly situated, the court cannot pursue a meaningful review of the defendant's claim." We agree. While Essex attached to his motion printouts from the Consolidated Court Automation Programs' website detailing his codefendants' charges and sentences, he did not provide the trial court or this court with information about his codefendants' backgrounds. Without a more extensive record, we are unable to determine whether the disparity in sentences was the result of arbitrary or improper considerations. See Popp v. Popp, 146 Wis. 2d 778, 796, 432 N.W.2d 600, 606 (Ct. App. 1988) (appellant cannot complain that trial court erroneously exercised its discretion when he left court in "evidentiary vacuum").[3]
By the Court.  Judgment and order affirmed.
NOTES
[1] State v. Gallion, 2004 WI 42, 270 Wis. 2d 535, 678 N.W.2d 197, was decided after Essex was sentenced. Gallion in haec verba applies only to "future cases." See id., 2004 WI 42, ¶¶8, 76, 270 Wis. 2d at 546, 572, 678 N.W.2d at 202, 214 ("In sum, we reaffirm the standards of McCleary [v. State, 49 Wis. 2d 263, 182 N.W.2d 512 (1971),] and require the application to be stated on the record for future cases.") (emphasis added). Nevertheless, Essex's sentencing passes muster under Gallion's gloss on McCleary and its progeny as well. See State v. Stenzel, 2004 WI App 181, ¶9, ___ Wis. 2d ___, ___, 688 N.W.2d 20, 24 ("While Gallion revitalizes sentencing jurisprudence, it does not make any momentous changes.").
[2] In an argument undeveloped beyond mere contention, Essex also "objects" to the trial court's imposition of consecutive sentences. He claims that, "the court should have imposed a concurrent sentence which would result in a shorter sentence, reflecting the primary factors in this case." Insofar as this "objection" incorporates Essex's argument that the trial court did not consider the appropriate sentencing factors, we have addressed it; to the extent that it goes beyond his sentencing-factor contentions, Essex does not develop it sufficiently for us to consider it. See Barakat v. Department of Health and Soc. Servs., 191 Wis. 2d 769, 786, 530 N.W.2d 392, 398 (Ct. App. 1995) (we will not review arguments that are "amorphous and insufficiently developed").
[3] Essex also alleges that the trial court erroneously exercised its discretion when it denied his postconviction motion for sentence modification. For the reasons discussed above, the trial court properly denied Essex's postconviction motion.