# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2011AP1770-CR, 2011AP1771-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| |         Plaintiff-Respondent-Petitioner, |
| |    v. |
| | Brandon M. Melton, |
| |         Defendant-Appellant. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
343 Wis. 2d 784, 820 N.W.2d 487
(Ct. App. – Published)
PDC No: 2012 WI App 95

| | |
|---|---|
| OPINION FILED: | July 11, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 14, 2013 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Waukesha |
|   JUDGE: | Robert G. Mawdsley |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | ZIEGLER, J., ABRAHAMSON, C.J., BRADLEY, J., concur. (Opinion filed.) |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-respondent-petitioner, the cause was argued by *Jacob Wittwer*, assistant attorney general, with whom on the briefs was *J.B. Van Hollen*, attorney general.

For the defendant-appellant, there was a brief by *Kevin M. Gaertner* and *Law Shield of Wisconsin, LLC*, Milwaukee, with oral argument by *Kevin M. Gaertner*.

**2013 WI 65**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2011AP1770-CR & 2011AP1771-CR
(L.C. No. 2008CF1221 & 2009CF156)

STATE OF WISCONSIN       :       IN SUPREME COURT

**State of Wisconsin,**

      **Plaintiff-Respondent-Petitioner,**

  **v.**

**Brandon M. Melton,**

      **Defendant-Appellant.**

**FILED**

**JUL 11, 2013**

Diane M. Fremgen
Clerk of Supreme Court

---

REVIEW of a decision of the Court of Appeals. *Reversed.*

¶1 DAVID T. PROSSER, J. The issue presented in this case is whether a circuit court has inherent authority to order the physical destruction of a presentence investigation report (PSI). We review a published decision of the court of appeals,[1] reversing an order of the Waukesha County Circuit Court that questioned whether the circuit court had authority to destroy a PSI and declined to do so.

---

[1] State v. Melton, 2012 WI App 95, 343 Wis. 2d 784, 820 N.W.2d 487.

¶2    The defendant, Brandon M. Melton (Melton), pled guilty to two felonies.  The Waukesha County Circuit Court, Richard A. Congdon, Judge, requested that the Wisconsin Department of Corrections (the DOC) prepare a PSI to assist the court in Melton's sentencing.  When the circuit court and the parties received the PSI, Melton disputed some of the information in the report.  Judge Congdon ordered that a second PSI be prepared omitting the disputed information.  He also ordered that the first PSI be sealed and then destroyed following the expiration of any appellate time limits.  Judge Congdon's successor, Circuit Judge Mark D. Gundrum, modified the destruction order after Melton was sentenced.  Judge Gundrum ordered that the first PSI be sealed rather than destroyed because he questioned the court's authority to remove a court document from the file and destroy it.

¶3    Melton appealed, and the court of appeals reversed, holding that the circuit court had the inherent authority to order the destruction of the first PSI.  The court of appeals reasoned that having two PSIs in Melton's file would lead to "confusion and injustice."  State v. Melton, 2012 WI App 95, ¶23, 343 Wis. 2d 784, 820 N.W.2d 487.

¶4    We reverse.  We conclude that courts do not have either express or implied statutory authority to order the destruction of PSIs.  The PSI statute, the Wisconsin

2

Administrative Code,[2] and Wisconsin Supreme Court Rules on record retention implicate principles of preservation and confidentiality, not destruction.  We also conclude that courts lack the inherent authority to order the destruction of PSIs on the facts before us or on any of the arguments Melton has made because such power is not necessary to a court's efficient and effective administration of justice.  A court has adequate means of dealing with errors, omissions, or prejudicial material in a PSI without physically destroying the disputed report.  A court can strike objected-to portions of a PSI and make a record that the court will not use the objected-to information.  In unusual cases, a court can order that a corrected PSI be prepared, and it can seal and clearly label the superseded report.

¶5    To forestall further confusion on the issue presented and to mitigate the possibility of error, we outline procedures that should be followed when the bench and bar are confronted with disputed PSIs.

## I. BACKGROUND

¶6    On September 10, 2009, Melton pled guilty to two felonies:  second-degree sexual assault of a child for having sexual intercourse with a 13-year-old and theft of moveable property greater than $2,500, contrary to Wis. Stat.

---

[2] Effective July 1, 2013, the DOC substantially revised Wis. Admin. Code § DOC 328 and removed language related to presentence investigation reports.  This chapter of the administrative code was in effect during the pendency of this case.  The DOC's revision does not alter our holding.

§§ 948.02(2)[3] and 943.20(1)(a) and (3)(bf), respectively.[4]  Other pending charges were dismissed and read in.  Judge Congdon ordered a PSI for Melton.  The court received identical PSIs for each felony file on November 19, 2009.

¶7    Melton moved to strike portions of the PSIs because they allegedly violated DOC rules and contained "prejudicial and inflammatory material which should not be included in a [PSI]." Melton asserted that the PSIs discussed certain uncharged offenses under a section entitled "Description of Offenses."  He claimed that the PSIs included statements he gave to police during an interview and that the statements in the PSIs were hearsay.  Melton's motion concluded by asking that the disputed information be stricken from the reports "and . . . new [PSIs] be prepared deleting that information and further that the original [PSIs] prepared on November 19, 2009 be destroyed and sealed."

¶8    At a hearing on the motion, held weeks before Melton's sentencing, Melton's attorney strenuously objected to inclusion of the uncharged offenses and asked the court to strike these portions of the PSIs.  In the alternative, the attorney asked

---

[3] All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

[4] Melton's appeal is comprised of two cases that are consolidated for purposes of appeal.  The first case, 2008CF1221/2011AP1770, was the result of the charge for sexual assault of a child.  In the second case, 2009CF156/2011AP1771, Melton was charged with robbery, battery, bail jumping, and receiving stolen property.  The complaint was later amended to include theft.

the court to "simply strike the entire [PSI] and let us proceed from this point forward."  The State objected, arguing that the disputed information was "important for the [c]ourt to consider when deciding the character of" Melton.  According to the State, uncharged offenses like those at issue may be included in a PSI.

¶9    Judge Congdon quoted a letter written by the DOC agent who prepared the PSIs, acknowledging that "[t]he decision to include this [disputed] information . . . may be a deviation of the standard outline."  The State responded that it did not disagree that the information might be a deviation from the "standard outline," but that it was not prohibited, indicating that information on the defendant's "sexual behavior" may be included in the report.

¶10 Judge Congdon concluded that the disputed information would be "of little use" to the court at sentencing.  The judge reasoned that the disputed information "could very well be prejudicial to Mr. Melton as he goes through whatever route . . . the Court will set for him."[5]  Judge Congdon determined that he had the authority to order the disputed information stricken as "inherent within the authority given to [him] under [Wis. Stat. §] 972.15," (the PSI statute).

¶11 Accordingly, Judge Congdon orally granted Melton's motion to strike, and then said that the court would "ask for a new [PSI], or at least an updated one."  Melton's attorney

_____

[5] The court of appeals presumed that the "route" referred to the DOC system after sentencing.  Melton, 343 Wis. 2d 784, ¶4.

seconded this course of action, asking that the existing PSIs in the possession of the parties and the court "be stricken and destroyed." Melton's attorney continued, "If it's sealed in the file, it's going to become available at some point. I think the thing should be redone . . . without a reference to this event."

¶12 The circuit court collected the district attorney's copies of the PSIs containing the disputed information, and Melton's attorney drafted an order for each file that read in part as follows:

> [State v. Melton] came on for hearing before Hon. Richard Congdon on the 25th day of March, 2010 with appearances by Attorney Kevin G. Keane for the defendant, and Deputy District Attorney Stephen J. Centinario for the State, upon defendant's Motion to strike portions of a presentence investigation report prepared on November 19, 2009. Following the arguments of counsel, and further based upon the files and proceedings had in this matter,
>
> It is hereby ordered as follows:
>
> 1. The Department of Corrections shall prepare an updated presentence investigation report. The updated presentence investigation report shall not include any reference to information obtained at a November 18, 2008 interrogation by the Waukesha Police Department of the defendant. In particular, the sections of the presentence investigation report dated November 19, 2009 as contained on page 2 of that document at the last paragraph commencing [disputed information partially identified] and continuing through page 3 and the first paragraph of page 4 ending with [disputed information partially identified] shall be deleted. Additionally, any references contained on page 7 in the second paragraph under Offender's Version, commencing with [disputed information partially identified] shall not be included in the updated presentence investigation.

6

> 2.  The presentence investigation report dated November 19, 2009 shall be sealed and destroyed following the expiration of any appellate time limits, and defendant's copy shall be returned to the Court.

¶13  After the DOC provided copies of new PSIs to the court, Melton's case proceeded to sentencing.  The circuit court, Judge Robert Mawdsley presiding, sentenced Melton to four years of initial confinement and eight years of extended supervision on the conviction of second-degree sexual assault of a child.  The circuit court also sentenced Melton to six months of incarceration on the theft conviction.  The sentences were to be served concurrently.

¶14  Approximately two months after sentencing, a new circuit judge, Mark D. Gundrum, sua sponte ordered a hearing to address whether the court had the authority to destroy a PSI. Ultimately, Judge Gundrum concluded that a judge had no authority to order the destruction of a PSI.

¶15  At the hearing, Judge Gundrum said that he reviewed the PSI statute, Wis. Stat. § 972.15, and concluded that "keeping [a PSI] confidential is what is envisioned by the statute."  Judge Gundrum said he believed that it would be "inappropriate" to destroy the first PSIs in Melton's case, although he did not identify a specific authority that prohibited destruction of a PSI.

¶16  Consequently, Judge Gundrum entered a "Modified Order" that was identical to Judge Congdon's previous order, except that it deleted the instruction to destroy the first PSIs after

the expiration of appellate time limits.  The modified order commanded that the disputed PSIs "be sealed" but not destroyed.

¶17  In the two records for this appeal, Judge Gundrum's modified order is taped to the front of the sealed envelopes containing the first, disputed PSIs.[6]  The backs of these envelopes have the words "Ordered Sealed" handwritten in fluorescent highlighter.  The backs of these envelopes also are stamped with the words "Do Not Open Without Permission of the Court," which is the same stamp on the envelopes containing the second, undisputed PSIs.[7]

¶18  Melton appealed Judge Gundrum's order.  Stating that the narrow issue on appeal was whether a circuit court had the inherent authority to order the destruction of a PSI, the court of appeals reversed the modified order.  Melton, 343 Wis. 2d 784.

¶19  The court of appeals concluded that, under the "unique facts"[8] of this case, the circuit court had the inherent

---

[6] Again, Melton's appeal is composed of two cases.  The circuit court ordered a PSI for Melton in each felony case.  Therefore, the record for each case contains the first disputed PSI and the second corrected PSI.

[7] The record index in both cases states——in bold capital letters——that the disputed PSIs are "ordered permanently sealed by order of the court on 9/24/10."  (Emphasis added.)

[8] The "unique facts" that the court of appeals refers to include two PSI reports in each of Melton's files, no objection by the parties when the circuit court ordered the first PSIs destroyed, and no contention that the first PSIs were relied upon by the sentencing court.  Melton, 343 Wis. 2d 784, ¶11.

authority to order the destruction of the disputed PSIs.  Id., ¶11.  The court of appeals outlined the concept of inherent authority and reaffirmed that "[a] power is inherent when it 'is one without which a court cannot properly function.'"  Id., ¶13 (quoting State v. Henley, 2010 WI 97, ¶73, 328 Wis. 2d 544, 787 N.W.2d 350).

¶20 The court of appeals concluded that the primary purpose of a PSI is to assist a circuit court at sentencing.  Id., ¶14 (citing Wis. Admin. Code § DOC 328.27(1) (Dec. 2006)).  In light of this purpose, the court of appeals held that, in this case, the circuit court had the inherent authority to order the destruction of the first PSI "to prevent confusion as to which PSI . . . in the file should be used" in a potential resentencing.  Id., ¶¶22-23.  Preventing confusion, the court of appeals reasoned, "is certainly a matter of efficient judicial administration and fairness at a potential resentencing, and as such, is within a circuit court's inherent powers."  Id., ¶23 (citing Henley, 328 Wis. 2d 544, ¶73).

¶21  The State petitioned this court for review, which we granted on November 14, 2012.

## II. STANDARD OF REVIEW

¶22  This case requires the court to examine the scope of judicial authority, if any, to order the destruction of a PSI.

---

Another "unique fact" pointed to by the court of appeals——that Melton's appeal was still pending when Judge Gundrum issued his modified order——appears to be mistaken.  The State notes that Melton did not file his notice of appeal until after Judge Gundrum issued his modified order.

The scope of judicial authority is a question of law that this court reviews de novo.  State v. McClaren, 2009 WI 69, ¶14, 318 Wis. 2d 739, 767 N.W.2d 550 (citing Breier v. E.C., 130 Wis. 2d 376, 381, 387 N.W.2d 72 (1986)).

¶23  We also must interpret the PSI statute, Wis. Stat. § 972.15.  Statutory interpretation is a question of law that this court reviews de novo.  Id. (citing Custodian of Records for the LTSB v. State, 2004 WI 65, ¶6, 272 Wis. 2d 208, 680 N.W.2d 792).

¶24  In addition, we are asked to interpret and apply Chapter 72 of the Supreme Court Rules.  The interpretation and application of Supreme Court Rules are questions of law subject to independent review.  Filppula-McArthur v. Halloin, 2001 WI 8, ¶32, 241 Wis. 2d 110, 622 N.W.2d 436 (citing City of West Allis v. Sheedy, 211 Wis. 2d 92, 96, 564 N.W.2d 708 (1997)).

### III. DISCUSSION

¶25  We begin with an examination of the applicable law on PSIs.  Next, we consider whether the law——statutes, case law, administrative rules, court rules, and inherent authority—— permits a court to order the destruction of a PSI.  Finally, after discussing various remedies and their terminology for disputed PSIs, we suggest procedures for litigants to follow in dealing with disputed PSIs.

### A. General Background on PSIs

¶26 After a felony conviction, a circuit court has the discretion to order the DOC to prepare a PSI on the defendant.  Wis. Stat. § 972.15(1) (stating that a "court may order a

presentence investigation," but "only after a conviction for a felony").[9]    The primary purpose of a PSI is "to provide the sentencing court with accurate and relevant information upon which to base its sentencing decision."  Wis. Admin. Code § DOC 328.27(1) (Dec. 2006); see also State v. Washington, 2009 WI App 148, ¶9, 321 Wis. 2d 508, 775 N.W.2d 535 (citation omitted) (a PSI "assist[s] the judge in selecting the appropriate sentence for the individual defendant").

¶27  Wisconsin Stat. § 972.15, the PSI statute, was created by section 63, Chapter 255, Laws of 1969.   However, PSI preparation predates the statute, as the note accompanying this section of Chapter 255 explains:

> Most judges and attorneys will be surprised to learn that, outside of a provision for Milwaukee [C]ounty (s. 57.02 (6) [repealed]), there is presently no statutory authority for presentence investigations. Wisconsin has been a pioneer in this field and obviously the presentence investigation is an integral part of the sentencing practice in this state.

Note, § 63, ch. 255, Laws of 1969.

¶28 The PSI should contain the following information related to the defendant: the present offense, the defendant's prior criminal record, the defendant's prior correctional institution record, any statement by the victim(s), and the defendant's family information and personal history.   Wis.

---

[9] In some jurisdictions, the preparation of a PSI is mandatory following a felony conviction. See, e.g., Mich. Comp. Laws § 771.14(1) (2012) (a PSI shall be prepared after all felony convictions, but it is within a court's discretion after a misdemeanor conviction).

Admin. Code § DOC 328.27(3) (Dec. 2006).[10] The PSI should also include the PSI writer's recommendation for sentencing and the reasoning that supports that recommendation along with a tentative corrections plan, unless the writer is ordered otherwise. § DOC 328.27(3)(d).

¶29 After a DOC agent completes a PSI and it is received by the sentencing court, "the judge shall disclose the contents of the report to the defendant's attorney and to the district attorney[11] prior to sentencing." Wis. Stat. § 972.15(2). Such disclosure is important because a defendant has a due process right to be sentenced upon accurate information. See State v.

---

[10] A relatively new provision of the PSI statute, Wis. Stat. § 972.15(1m), reads:

> Sex offenses against minors. If a person is convicted for a felony that requires him or her to register under s. 301.45 and if the victim was under 18 years of age at the time of the offense, the court may order the department to conduct a presentence investigation report to assess whether the person is at risk for committing another sex offense, as defined in s. 301.45 (1d)(b).

This provision was enacted into law as a result of 2007 Wis. Act 80, § 22. Wisconsin Stat. § 972.15(1m) took effect on April 1, 2009. Melton was convicted of sexual assault of a child in September 2009. See Wis. Stat. § 948.02(2). The circuit court did not order the DOC to prepare such an assessment in Melton's case.

[11] The district attorney and the defendant's attorney are allowed to "have and keep a copy" of the PSI, but the PSI must still be kept "confidential." Wis. Stat. § 972.15(4m). See also State ex rel. Office of the State Pub. Defender v. Court of Appeals, Dist. IV, 2013 WI 31, ¶22, 346 Wis. 2d 735, 828 N.W.2d 847.

*Tiepelman*, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1.  Some information in a PSI "may be unverified and some of it may be inaccurate. . . .  [A]ffording the defendant and defendant's counsel an opportunity to examine the contents of the report permits the defendant to challenge statements and correct errors."  State v. Watson, 227 Wis. 2d 167, 194, 595 N.W.2d 403 (1999).  A defendant has the right to challenge a PSI he or she believes is "inaccurate or incomplete."  State v. Greve, 2004 WI 69, ¶11, 272 Wis. 2d 444, 681 N.W.2d 479 (citing Watson, 227 Wis. 2d at 194).

¶30 The PSI is "the single most important document that influences correctional decision making in Wisconsin."[12]  The PSI "is used for such things as determining levels of supervision, classification, program assignment, parole planning and decision making and in the overall correctional treatment of offenders."  Wis. Admin. Code § DOC 328.27(1) (Dec. 2006).  See also Wis. Stat. § 972.15(5) (authorizing the DOC to use a PSI for "correctional programming, parole consideration or care and treatment").

¶31 With certain narrow exceptions,[13] the contents of a PSI "shall be confidential and shall not be made available to any

---

[12] Jeffrey H. Bergman, Comment, Insuring the Accuracy of the Presentence Investigation Report in the Wisconsin Correctional System, 1986 Wis. L. Rev. 613, 613 (footnote omitted).

[13] The exceptions to the general confidentiality rule, which do not require court approval to access and use the PSI, are listed in Wis. Stat. § 972.15(5) and (6).  The DOC is the most significant exception.

person except upon specific authorization of the court." Wis. Stat. § 972.15(4). Recently, this court reaffirmed that maintaining the confidentiality of PSIs is an important statutory directive. See State ex rel. Office of the State Pub. Defender v. Court of Appeals, Dist. IV, 2013 WI 31, ¶¶36, 39, 346 Wis. 2d 735, 828 N.W.2d 847 (reminding parties to be "abundantly cautious" and "mindful" when dealing with information contained in PSIs).

¶32 Finally, a PSI is different from a sentencing memorandum, which is similar in content to a PSI but has no "prescribed format" and is prepared by an advocate for the defendant. Greve, 272 Wis. 2d 444, ¶12 (citation omitted).

B. Whether a Court May Order the Destruction of a PSI

¶33 With this background on PSIs in mind, we turn to the question of whether a circuit court may order the destruction of a PSI. The first circuit court order by Judge Congdon was to seal and eventually destroy a disputed PSI and to order a second PSI for the court file.

¶34 There are various sources of judicial power. These include the state and federal constitutions and state and federal statutes. Constitutional authority to act can be explicit, or implicit in the very nature of the judicial branch. The inherent authority of Wisconsin courts comes from the powers and duties of the judicial branch set out in the Wisconsin Constitution. The Wisconsin Constitution contains no explicit grant of authority for Wisconsin courts to destroy PSIs. Consequently, this opinion will examine statutory authority and

14

inherent authority[14] to determine whether courts have power to order the destruction of PSIs.

### 1. Statutory Authority

¶35 In considering "statutory authority," we think it appropriate to consider federal statutes, state statutes, state administrative rules, and Supreme Court rules. In this case, we are not aware of any federal statutes that empower or bind Wisconsin courts in relation to the destruction of PSIs.

¶36 "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." Heritage Farms, Inc. v. Markel Ins. Co., 2012 WI 26, ¶26, 339 Wis. 2d 125, 810 N.W.2d 465 (citation omitted). Statutory interpretation "begins with the language of the statute." State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. Courts give statutory language its common, ordinary meaning. Id. Statutory language is interpreted in the context in which it is used, "not in isolation but as part of a whole." Id., ¶46. We must construe statutory language reasonably, so as to avoid absurd results. Id.

¶37 Courts interpret administrative rules, Orion Flight Services, Inc. v. Basler Flight Service, 2006 WI 51, ¶18, 290

---

[14] In Breier v. E.C., 130 Wis. 2d 376, 388, 387 N.W.2d 72 (1986), the court cited "equitable judicial authority" among the possible bases of authority for a court to expunge a juvenile's police record. Id. at 381. The court later noted that equitable authority "is a variant of the inherent authority doctrine." Id. at 388.

Wis. 2d 421, 714 N.W.2d 130 (citations and footnote omitted); State ex rel. Griffin v. Smith, 2004 WI 36, ¶19, 270 Wis. 2d 235, 677 N.W.2d 259, and Supreme Court rules, State v. Henley, 2010 WI 12, ¶11, 322 Wis. 2d 1, 778 N.W.2d 853; In re Disciplinary Proceedings Against Trewin, 2004 WI 116, ¶38, 275 Wis. 2d 116, 684 N.W.2d 121, the same way that they interpret statutes.

¶38 The PSI statute, Wis. Stat. § 972.15, does not authorize a court to destroy a PSI. In fact, it implies the opposite. Subsection (4) states that a PSI "shall not be made available to any person except upon specific authorization of the court." (Emphasis added.) Although this language contemplates confidentiality, it necessarily envisions preservation, because a court cannot authorize access to a PSI that it has destroyed. The authority to destroy is inconsistent with the authority to make available.[15] The authority to destroy would also tie the hands of other judges. Melton and the State appear to agree that if a court has the authority to destroy a PSI, it does not come from Wis. Stat. § 972.15.

¶39 While destruction of a PSI would help to ensure confidentiality, proper sealing and labeling of a PSI would also ensure confidentiality and fulfill the other purpose of the PSI statute——namely, preservation. Although Melton argues that the

---

[15] See State v. Dinkins, 2012 WI 24, ¶29, 339 Wis. 2d 78, 810 N.W.2d 787 (citing State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶49, 271 Wis. 2d 633, 681 N.W.2d 110) (interpreting a statute in such a way that contravenes its "manifest purpose" is unreasonable).

dual purposes of the PSI statute apply only to "correct" PSIs, Wis. Stat. § 972.15 makes no distinction between "correct" PSIs and "incorrect" PSIs.

¶40 The lack of explicit guidance in the statutes on court authority to destroy PSIs is similar to the situation in Breier. In that case, this court considered whether a circuit court had authority to expunge police records. Breier, 130 Wis. 2d at 379. The Breier court first looked to the circuit court's statutory authority and construed "the relevant statutes to not provide express or implied authority for circuit courts to expunge juvenile police records." Id. at 385. The court was "particularly influenced" by the fact that a statute requiring confidentiality of police records did not also provide authority to expunge these records. Id. Like the statute in Breier, the PSI statute requires confidentiality, Wis. Stat. § 972.15(4), but it does not provide express or implied authority to destroy a PSI record.

¶41 The Wisconsin Administrative Code also contains provisions related to PSIs, but these provisions do not authorize a court to destroy a PSI. Wisconsin Admin. Code § DOC 328.27(2) states that a DOC agent shall prepare a PSI, and the PSI must contain the information provided for under the same section, "unless the court orders otherwise." Wisconsin Admin. Code § DOC 328.28 is titled "Modified presentence investigation report." Subsection (1) of that section permits a DOC agent to prepare a PSI that contains only the information that the court orders.

17

¶42  The administrative code does not explicitly address deletions from or corrections to statements in PSIs, although Wis. Admin. Code § DOC 328.28(1) could be interpreted to cover a second PSI that deletes disputed information.

¶43  Wisconsin Admin. Code § DOC 328.30 addresses DOC recordkeeping, indicating that a "case record of each client shall be maintained" and shall include, inter alia: "(i) The client's court order and any court imposed conditions and obligations; (j) Copies of the client's presentence investigation report prepared under s. DOC 328.27 or 328.28." Hence, the administrative rules authorize the court to put a corrected copy of the PSI in the "case record" maintained by the DOC.  However, the rules do not authorize the court to withdraw PSIs from the case record or to destroy PSIs.

¶44  In this case, Supreme Court Rules are important.  The State argues that destruction of a PSI would conflict with Chapter 72 of the Supreme Court Rules on record retention. "[I]n the exercise of the court's constitutional authority over all courts,"[16] this court adopted Chapter 72 of the Supreme Court Rules, relating to the retention of court records.  S. Ct. Order, 136 Wis. 2d xi (issued Mar. 5, 1987, eff. Apr. 1, 1987). Current Chapter 72 reads in part:

> Except as provided in SCR 72.03 to 72.05, the
> original paper records of any court shall be retained

---

[16] Article VII, Section 3 of the Wisconsin Constitution provides, "The supreme court shall have superintending and administrative authority over all courts."

18

in the custody of the court for the following minimum time periods:

. . . .

(15) Felony case files.  All papers deposited with the clerk of circuit court in proceedings commenced as felonies: 50 years after entry of final judgment; for Class A felonies, 75 years after entry of final judgment.

SCR 72.01 (2012) (emphasis added).

¶45  The Supreme Court Rules also contain a provision for disposing of court records:

(1)  A clerk of court . . . <u>may destroy records in his or her custody after minimum retention periods</u> under SCR 72.01 have expired . . . .

(2)  Records defined as confidential by rule or statute shall be destroyed in accordance with sub. (1) by burning, shredding, or other means that will obliterate the records.

SCR 72.02 (2012) (emphasis added).

¶46  Based on the language of SCR 72.01, the 50-year retention rule applies when (1) a paper is deposited with the clerk of circuit court, and (2) the paper is for a proceeding commenced as a felony.

¶47  Ordering the destruction of a PSI would conflict with SCR 72.01's mandate that courts preserve paper records for designated periods of time.  In this case, Judge Congdon ordered a PSI after Melton's convictions and another after the court received the first PSI; these PSIs are part of the record in

19

both of Melton's cases.[17]   In addition, both of Melton's cases were commenced as felony proceedings.  Whether a PSI is "right" or "wrong," "undisputed" or "disputed," "original" or "amended," the policy behind SCR 72.01 mandates its retention for at least 50 years after the entry of final judgment.[18]

### 2. Inherent Authority

¶48 Melton argues that a circuit court has the inherent authority to order the destruction of a PSI because the power to destroy a PSI is essential to a court's existence and functioning.  At various times, Melton contended that (1) the PSIs in his cases included information that was not authorized to be part of a PSI by DOC administrative rules; (2) the improper information would be highly prejudicial to him when he reached the correctional system; (3) he needed protection against use of the prejudicial information by the DOC; (4) a court should never consider truly objectionable information; and (5) the existence of one or more disputed PSIs in a court file would be very confusing and lead to mistakes, especially if a

---

[17] Courts are not without recourse to deal with documents mistakenly filed in the wrong court record.  It is perfectly acceptable to withdraw these misfiled documents and refile them in the appropriate case file.  See, e.g., Schlumpf v. Yellick, 94 Wis. 2d 504, 510, 288 N.W.2d 834 (1980) (after amended summons and complaint were typed with wrong case number and misfiled, the circuit court ordered the transfer of the documents to the correct case file).

[18] SCR 72.01 is not the only rule disfavoring destruction of court records before the expiration of retention requirements. See also SCR 72.06 (mandating that expunged records are to be sealed but not destroyed except in accordance with the provisions of the chapter).

defendant like himself were ever resentenced.  He asserted that PSIs may contain inaccurate, incomplete, biased, or prejudicial information.  Judge Congdon added that the disputed information in the PSIs would not be "useful" to him in sentencing.

¶49  We conclude, however, that courts do not possess the inherent authority to order the destruction of a PSI on any of these grounds because physical destruction of a PSI, as opposed to sealing and carefully labeling a disputed PSI, is not necessary for the efficient and effective functioning of a court.  We recognize that it would be ill-advised for the court to deny absolutely the existence of <u>any</u> inherent authority to destroy a PSI, regardless of the circumstances, but we cannot presently think of a circumstance so dire that a court would be unable to fashion an adequate remedy for the problem short of destruction of a court record.

¶50  Inherent powers are "those that have been conceded to courts because they are courts.  Such powers have been conceded because without them [courts] could neither maintain their dignity, transact their business, nor accomplish the purposes of their existence."  <u>City of Sun Prairie v. Davis</u>, 226 Wis. 2d 738, 748, 595 N.W.2d 635 (1999) (citations and internal quotation marks omitted).  Put another way, "[a] power is inherent when it is one without which a court cannot properly function."  <u>Henley</u>, 328 Wis. 2d 544, ¶73 (internal quotations omitted) (quoting <u>State v. Braunsdorf</u>, 98 Wis. 2d 569, 580, 297 N.W.2d 808 (1980)).

21

¶51 Circuit courts exercise their inherent authority in three general areas: (1) guarding against actions that would "unreasonably curtail the powers or materially impair the efficacy of the courts or judicial system"; (2) regulating judges and attorneys; and (3) ensuring that courts function "efficiently and effectively to provide the fair administration of justice." Davis, 226 Wis. 2d at 749-50 (citations and internal quotation marks omitted).[19]

¶52 In this case, the question before the court relates to the third area——the efficient and effective functioning of a circuit court.

¶53 In this review, Melton argues that judicial authority to order the destruction of a PSI is necessary for two reasons. First, destruction of an incorrect PSI will prevent confusion on the part of the DOC for use in Melton's correctional programming. It will prevent the "wrong" PSI from being used against Melton "in any prejudicial manner." Second, destruction of an incorrect PSI will prevent any confusion over which PSI in the court file is the correct one at a possible resentencing. Destruction of the suspect PSI will assure that it will not be used accidentally. The court of appeals adopted this second

---

[19] See also Lynn Laufenberg and Geoffrey Van Remmen, Courts: Inherent Power and Administrative Court Reform, 58 Marq. L. Rev. 133, 135 (1975) (explaining that the concept of inherent authority is "found in the constitutional separation of powers" and that the judiciary must possess power "not only to protect itself from attacks by the co-ordinate branches, but also to take the initiative in preserving its existence when the need arises").

conclusion.  Melton, 343 Wis. 2d 784, ¶¶22–23 (citing Henley, 328 Wis. 2d 544, ¶73).

¶54 As the party asserting the existence of inherent authority to exercise this power, Melton carries the burden of establishing that the power is necessary for efficient and effective functioning of a court.  See Davis, 226 Wis. 2d at 751.  Melton has failed to meet this burden.

¶55 Melton's concern about DOC misuse of the first disputed PSIs——instead of the second PSIs utilized in sentencing——raises several fundamental questions.  The fact that a court orders a second PSI that omits certain suspect information does not necessarily mean that the deleted information is false or irrelevant for correctional purposes. The deleted information here pertains to Melton's statements to police with respect to certain uncharged offenses.  These uncharged offenses may never be prosecuted because the information in the PSIs was not accurate, or was cumulative and did not justify additional prosecution, or would be subject to suppression on constitutional grounds.  Information that may be inappropriate for judicial consideration in sentencing might be relevant and valuable in correctional programming.  This is not the case to consider such issues.

¶56  The DOC is required to keep a copy of its PSI/PSIs in its "case record."  Wis. Admin. Code § DOC 328.30(1)(j) (Dec. 2006).  After a DOC agent authors a PSI and sends the report to the circuit court, the agent is likely to have access to an electronic copy of the PSI, and may keep a paper copy for his or

23

her own records.  The PSI writer may also have documentary evidence from third parties to support information outlined in the PSI.  Consequently, judicial power to physically destroy copies of a PSI would be ineffectual in relation to the DOC if it did not include the power to scrub DOC computers and purge DOC paper files.

¶57 Inherent authority would not sustain incursions of this magnitude into the operations of a separate branch of government.  The DOC's actions, past or future, would not threaten or impair the operation of the judiciary.  The DOC's use of the PSI would not implicate the efficient and effective functioning of a circuit court.  See State v. Bush, 185 Wis. 2d 716, 722-24, 519 N.W.2d 645 (Ct. App. 1994).

¶58 In Bush, a defendant suggested that a circuit court had the inherent authority to "strike" a PSI containing allegedly inaccurate information that the DOC relied on for correctional programming and order a new PSI.[20]  Id. at 721-22. The court of appeals declined to decide the issue of inherent authority, affirming the decision of the circuit court on other grounds.  Id. at 722.  However, the analysis in Bush is instructive on why striking and ordering a new PSI for DOC use does not implicate a court's inherent authority.

---

[20] The defendant in Bush sought to correct the PSI long after the entry of judgment and original sentencing in the case. State v. Bush, 185 Wis. 2d 716, 720-21, 519 N.W.2d 645 (Ct. App. 1994).  The defendant's sole reason for striking the allegedly inaccurate PSI was the "adverse effects of these inaccuracies on his parole and program reviews in the prison."  Id. at 721.

24

¶59  The Bush court explained that the defendant

> essentially requested the court to tell [DOC] how it
> is to use its records and how it is to correct errors
> in those records.  Courts are not well-situated to
> make judgments on [DOC's] use of its own records and
> administration of its own rules. . . .  We conclude
> that policy principles and considerations of judicial
> administration dictate that courts should not exercise
> their jurisdiction to correct PSIs for reasons solely
> related to [DOC] administration.

Id. at 723-24 (footnote omitted).  We agree with the Bush court's reasoning.  The power to modify——"strike" or destroy——a PSI for reasons related to DOC administration is not an inherent power of the circuit court.

¶60  Melton and the court of appeals also argue that a court has inherent power to order the destruction of a PSI so as to prevent confusion caused by two PSIs in a defendant's court record.  Again, Melton fails to meet his burden of showing that the power of ordering PSI destruction is necessary for efficient and effective functioning of a court.

¶61  When a court has justification for ordering a second PSI, it should be able to seal the first PSI, label it so unmistakably, and provide such a clear, written explanation of its action that the possibility of subsequent misuse is miniscule.  Destruction is not necessary for the fair and efficient administration of justice.

¶62  Failing to destroy the disputed PSIs in this case results in no immediate harm to Melton in the courts; it creates only potential harm, at most.  Furthermore, this potential harm depends upon a judge disregarding the court-ordered seal on the

disputed PSIs, using the disputed information from those PSIs, and using the disputed information in a resentencing. We are not persuaded that the potential of mistakenly using disputed PSIs at a resentencing is sufficient for a court to justify the invocation of inherent authority, especially if the court employs proper safeguards.

¶63 Therefore, we hold that courts do not possess the inherent authority to order the destruction of a PSI on any of the grounds argued by Melton, see supra, ¶48, because it is not necessary for the efficient and effective functioning of a court.

### C. Correcting and Preserving a Disputed PSI

¶64 We turn now to the procedure that ought to be employed when a party disputes a PSI.

¶65 A defendant has the right to challenge a PSI that he or she believes is "inaccurate or incomplete." Greve, 272 Wis. 2d 444, ¶11 (citing Watson, 227 Wis. 2d at 194); State v. Perez, 170 Wis. 2d 130, 141, 487 N.W.2d 630 (Ct. App. 1992). "In the event the defendant wishes to contest any of the factual matters set forth in a PSI, the defendant is entitled to an evidentiary hearing where evidence regarding the issue in controversy may be presented by the State or the defendant." State v. Suchocki, 208 Wis. 2d 509, 515, 561 N.W.2d 332 (Ct. App. 1997) (citation omitted).

¶66 To secure a hearing the defendant should file a motion with the court (1) identifying specific problems with the PSI, and (2) requesting specific remedies to deal with those

26

problems.    Problems include inaccurate or objectively false information, incomplete information, or unfairly prejudicial information.    In the Suchocki case, the defendant challenged the entire PSI on grounds that the PSI author was biased because she was married to the prosecuting attorney.    Suchocki, 208 Wis. 2d at 513.

¶67  Wisconsin Admin. Code § DOC 328.29(3) reads: "Arrest records that did not lead to conviction and not confirmed by the client may not be used as a source of information in a presentence investigation and report, except that adjudications under s. 961.47, Stats., and ch. 54, 1975 Stats., misdemeanant expunction, and pending charges may be included."    A defendant may object to the inclusion of information in the PSI that is inconsistent with DOC rules, but the validity of such an objection may require a judicial ruling.

¶68  An evidentiary hearing may not be necessary if the parties are able to stipulate to additions or corrections to the PSI, with the approval of the court.

¶69  The remedies requested in the motion should be tailored to the problems alleged.    Some objections may be addressed by striking portions of the PSI before or during the sentencing hearing.    Bush, 185 Wis. 2d at 724 n.1.

¶70  "Striking," in this context, may mean different things to different judges.    One dictionary defines strike as "[t]o eliminate or expunge."    The American Heritage Dictionary of the English Language 1779 (3d ed. 1992).    Black's defines "strike" to mean "[t]o expunge, as from a record."    Black's Law

27

Dictionary 1559 (9th ed. 2009). "Strike" can also mean to disregard something said or presented, like a question, testimony, or evidence. See, e.g., Jay E. Grenig 4A Wis. Pleading & Practice § 32A:76 (5th ed. 2009) ("There should be a ruling on a motion to strike evidence and to instruct the jury to disregard." (emphasis added)) (footnote omitted); see also Black's Law Dictionary 1110 (9th ed. 2009).

¶71 We think "strike" can mean to redline[21] or line through objected-to information, to identify and make marginal notes disavowing objected-to information,[22] to redact objected-to information, to make a record that the court will not use objected-to information, and the like.

¶72 Redaction of information in a PSI is an accepted form of striking available to a court. See, e.g., State v. Parent, 2006 WI 132, ¶45, 298 Wis. 2d 63, 725 N.W.2d 915. "Redaction" means "[t]he careful editing of a document, esp[ecially] to remove confidential references or offensive material." Black's Law Dictionary 1390 (9th ed. 2009). Courts outside of Wisconsin have utilized the redaction method of correcting PSIs, although the term seems synonymous with striking portions of PSIs.

---

[21] See, e.g., State v. Molen, 231 P.3d 1047, 1058 (Idaho Ct. App. 2010) (explaining that "redlining" a PSI is when "the court physically notes which portions [of the report] are excluded").

[22] The Wisconsin Judicial Benchbook devotes a small amount of space suggesting how to correct "errors" in a PSI. 1A Wis. Judicial Benchbook CR36-21 (3d ed. 2012) (recommending that judges should "[n]ote corrections or disputes in [the] margin of [the] PSI and order all copies corrected").

28

_People v. Freeman_, 889 N.Y.S.2d 119 (N.Y. App. Div. 2009) (holding that certain information in a PSI "should have been redacted because the PSI contained clearly erroneous information").

¶73 In our view, striking does not mean destroying the PSI.[23] It means isolating objected-to portions of a PSI so that they will not be considered or used against the defendant.

¶74 Some problems may require the preparation of a new PSI. A new PSI may be ordered if problems so permeate the first PSI that striking is impractical or because substantial additional information should be added to the PSI for completeness.

¶75 When the court orders selective striking or redacting, it should collect copies of the PSI from the prosecutor and the defendant to conform their copies to the court's agreed-upon changes. When the court orders a new PSI, the court should collect copies of the first PSI and securely seal them with the court's copy.

¶76 At the hearing on the defendant's motion, at the sentencing hearing, or in writing, the court should make a

---

[23] The federal courts also have a procedure for challenging disputed information in a PSI. Fed.R.Crim.P. 32(i)(3)(B)-(C). At sentencing, a federal court must rule on any disputed portion of a PSI and append a copy of its determinations to any copy of the PSI made available to the Bureau of Prisons. Id.; see also United States v. Lopez, 907 F.2d 1096, 1101 (11th Cir. 1990). A federal court may also determine that a ruling is unnecessary because the disputed matter will not affect sentencing or the court will not consider it in sentencing. Fed.R.Crim.P. 32(i)(3)(B)-(C).

record memorializing what objections were made to the PSI and how the court resolved those objections. Transcripts, written explanations, corrected copies of PSIs, and court orders should be forwarded to the PSI writer and to the DOC for incorporation into the "case record."

¶77 We think the court is more likely to achieve success in dealing with the DOC by carefully explaining what it has done and why than by trying to order the DOC to alter its records.[24]

¶78 Finally, the court should securely seal any objectionable, superseded PSIs together with all collected copies. The court should clearly label a superseded PSI and distinguish it from a new PSI by different markings and clear explanations and instructions.

¶79 Methodically following these procedures should eliminate most problems associated with a disputed PSI.

IV. CONCLUSION

---

[24] In Bush, the court was asked to correct a PSI well after the defendant had been sentenced. Bush complained about misinformation in the PSI, but he failed to read the document before the sentencing hearing. Bush, 185 Wis. 2d at 723. The court stated: "While the trial court could appropriately modify Bush's sentence based on erroneous information in the PSI, because the PSI is now under the Department of Corrections' control, a motion to correct the information contained in the PSI should be directed to that agency." Id. (emphasis added).

There are limits to the court's authority to interfere with the operations of a separate branch of government. As the Bush opinion suggests, however, a defendant is entitled to ask the DOC to correct clearly inaccurate information in a DOC-authored document.

¶80  We conclude that courts do not have either express or implied statutory authority to order the destruction of PSIs. The PSI statute, the administrative code, and Supreme Court Rules on record retention implicate principles of preservation and confidentiality, not destruction.  We also conclude that courts lack the inherent authority to order the destruction of PSIs on the facts before us or on any of the arguments Melton has made because such power is not necessary to a court's efficient and effective administration of justice.  A court has adequate means of dealing with errors, omissions, or prejudicial material in a PSI without physically destroying the disputed report.  A court can strike or redact objected-to portions of a PSI and make a record that the court will not use the objected-to information.  In unusual cases, a court can order that a corrected PSI be prepared, and it can seal and clearly label the superseded report.

¶81 To forestall further confusion on the issue and mitigate the possibility of error, we have outlined procedures that should be followed when the bench and bar are confronted with disputed PSIs.


*By the Court.*—The decision of the court of appeals is reversed.

31

¶82 ANNETTE KINGSLAND ZIEGLER, J. *(concurring).* I concur with the majority and write separately to clarify that under the right circumstances, albeit rare, the circuit court has authority to destroy a PSI. It is not unusual for a defendant to dispute certain contents of a PSI, and here, the defendant lodged very specific complaints, to specific paragraphs, on specific pages. The record here, however, does not support destruction of the PSI. Given these objections, a court typically might strike those disputed portions from the PSI and explain that those matters would not be considered for purposes of sentencing.

¶83 Our circuit courts possess the inherent power to, inter alia, "'ensure the efficient and effective functioning of the court, and to fairly administer justice.'" State v. Melton, 2012 WI App 95, ¶22, 343 Wis. 2d 784, 820 N.W.2d 487 (quoting State v. Henley, 2010 WI 97, ¶73, 328 Wis. 2d 544, 787 N.W.2d 350). I am reluctant to diminish the authority that is endowed to our circuit courts, which are on the front lines. Circuit courts do not often need to rely on their inherent power, but when it is absolutely necessary, they should be allowed to exercise that power. Under these facts, however, I cannot conclude that the circuit court properly exercised its inherent authority in ordering the destruction of this PSI.

¶84 For the foregoing reasons, I respectfully concur.

¶85 I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON and Justice ANN WALSH BRADLEY join this concurrence.

1