ANNETTE KINGSLAND ZIEGLER, J.
¶ 82.
(concurring). I concur with the majority and write separately to clarify that under the right circumstances, albeit rare, the circuit court has authority to destroy a PSI. It is not unusual for a defendant to dispute certain contents of a PSI, and here, the defendant lodged very specific complaints, to specific paragraphs, on specific pages. The record here, however, does not support destruction of the PSI. Given these objections, a court typically might strike those disputed portions from the PSI and explain that those matters would not be considered for purposes of sentencing.
*83 ¶ 83. Our circuit courts possess the inherent power to, inter alia, " 'ensure the efficient and effective functioning of the court, and to fairly administer justice.' " State v. Melton, 2012 WI App 95, ¶ 22, 343 Wis. 2d 784, 820 N.W.2d 487 (quoting State v. Henley, 2010 WI 97, ¶ 73, 328 Wis. 2d 544, 787 N.W.2d 350). I am reluctant to diminish the authority that is endowed to our circuit courts, which are on the front lines. Circuit courts do not often need to rely on their inherent power, but when it is absolutely necessary, they should be allowed to exercise that power. Under these facts, however, I cannot conclude that the circuit court properly exercised its inherent authority in ordering the destruction of this PSI.
¶ 84. For the foregoing reasons, I respectfully concur.
¶ 85. I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON and Justice ANN WALSH BRADLEY join this concurrence.